■ (A) In the Matter of the Arbitration between SARAH RUSSO, Doing Business as AUBURN BEVERAGE CO., Appellant, and BEER DRIVERS LOCAL UNION No. 263, Respondent. (B) FRANK E. BARRY, Appellant, v. CITY OF SYRACUSE, Respondent.— [In each action] Appeal dismissed unless records and briefs are filed on or before March 6, 1961. Respondent's brief must be filed on or before March 16, 1961 if appeal is to be argued at March 1961 Term.

■ (A) In the Matter of ISADORE DOBOSEN, Petitioner, v. GEORGE P. MONAGHAN, as Commissioner, et al., Respondents. (B) JOHN FRITZEN, Appellant, v. COUNTY OF ONONDAGA, Respondent. (C) THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. RANDOLPH COVINGTON, Appellant. (D) THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ANTHONY SMIECH and HAROLD BALE, Appellants. (E) EDWARD BARDELL, Appellant, v. MARIAN ALLEN, Respondent.— [In each action] Motion granted and appeal dismissed.

## (February 23, 1961)

■ WILLIAM F. REIBER, Appellant, v. WALTER F. ROBERTS, Respondent.— Judgment and order unanimously reversed on the law and facts and a new trial granted, with costs to the appellant to abide the event. Memorandum: When the deed in controversy was executed and acknowledged by the grantors, the only grantees named therein were the plaintiff and his wife (since deceased). Subsequently, at the time of the closing of the transaction at the County Clerk's office, the name of the defendant, a son of the plaintiff's wife by a former marriage, was added as a grantee and the words "as joint tenants, with the right of survivorship" were also added. The plaintiff contended upon the trial that the additions were made without his consent. But the proof established that the plaintiff was personally present and gave his consent to the addition of his stepson's name as one of the grantees. It appeared, however, that the grantors had left the County Clerk's office before the addition was made. There was proof that their attorney was present and that he expressly consented to the change, stating that it was immaterial to his clients whether any grantees were added. It is questionable, however, whether this consent was within the scope of the implied authority of the attorney, and there was no proof of express authority. This question should be inquired into upon a new trial. We do not, at this time, pass upon the question of whether the authority of the attorney was required to be in writing under the Statute of Frauds. We note that no rights of third parties are involved and that the controversy arises only as between the parties to the conveyance. (Appeal from judgment and order of Monroe Equity Term dismissing plaintiff's complaint in an action to reform a deed. The order granted plaintiff's motion for permission to enter judgment on failure of defendant to enter same.) Present — Bastow, J. P., Goldman, Halpern, McClusky and Henry, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ROBERT SPRY, Appellant.— Order unanimously affirmed. (Appeal from order of Genesee County Court denying defendant's application for writ of error *coram nobis* to set aside a judgment of conviction dated December 17. 1954.) Present — Williams, P. J., Bastow, Goldman, McClusky and Henry, JJ.